IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAVID LAWRENCE                                        *

   *Plaintiff*,                                              *

v.                                                   *        Civil Case No: 1:25-cv-04280-JMC

UNITED STATES OF AMERICA , *et al.*

                                           *

   *Defendants*.                                            *

   *   *   *   *   *   *   *   *   *   *   *   *

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff, David Lawrence, *pro se*, filed the present lawsuit against the United States of America, the United States Department of Homeland Security, and Immigration and Customs Enforcement ("ICE").  (ECF No. 1).    Plaintiff brings the present action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2674 (the "FTCA").  *Id.*  Presently before the Court is Defendants' Motion to Dismiss the Complaint, Plaintiff's Opposition thereto, and Defendants' Reply.  (ECF Nos. 15, 18, 19, 20).  The motion is fully briefed, and no hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2025); (ECF No. 19).  For the reasons that follow, Defendants' Motion to Dismiss is GRANTED.

**I.       BACKGROUND**

Plaintiff predicates his FTCA suit on his alleged wrongful removal and deportation by the U.S. Department of Homeland Security.  (ECF No. 1 at 1).[1]  Plaintiff alleges that on or about February 12, 2002, he was "wrongfully removed from the United States" based on "allegations of criminal convictions that are not supported by any official criminal record maintained by the

---

[1] When the Court cites to a specific page number or range of page numbers, the Court is referring to the page numbers provided in the electronic filing stamps located at the top of every electronically filed document. If there are none, the Court is referring to the page number of the PDF.

Pennsylvania State Police or any other state or federal source." *Id.* at 2.  He alleges that he "remained outside the United State for over twenty-three (23) years due to these wrongful actions." *Id.*  He pleads that at all relevant times, he was a lawful United States citizen. *See id.*  In May 2025, Plaintiff "filed a Standard Form 95" to seek administrative relief. *Id.*  "More than six (6) months have elapsed since such filing, and no final written agency determination has been made, such that by the operation of law, the claim is deemed denied…" *Id.*

## II.    LEGAL STANDARD

The purpose of Federal Rule of Civil Procedure 12(b)(6) "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)) (internal quotations omitted).  To survive a Rule 12(b)(6) motion to dismiss, "detailed factual allegations are not required, but a plaintiff must provide the grounds of his entitlement to relief," which requires "more than labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Petry v. Wells Fargo Bank, N.A.*, 597 F. Supp. 2d 558, 561–62 (D. Md. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007)) (internal quotations omitted).  In considering a motion to dismiss, "the Court must accept the complaint's allegations as true, and must liberally construe the complaint as a whole." *Humphrey v. Nat'l Flood Ins. Program*, 885 F.Supp. 133, 136 (D. Md. 1995) (internal citations omitted).  The Court must also construe the facts and reasonable inferences from the facts in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997); *see also Petry*, 597 F. Supp. 2d at 562 ("Once a claim has been stated adequately . . . it may be supported by showing any set of facts consistent with the allegations in the complaint.") (quoting *Twombly*, 550 U.S. at 546).

"*Pro se* pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers." *Farrish v. Navy Fed. Credit Union*, No. CV DKC 16-1429, 2017 WL 4418416, at *2 (D. Md. Oct. 5, 2017), *aff'd*, 711 F. App'x 189 (4th Cir. 2018). This permits the Court to "consider additional facts and information supporting the complaint that is provided in an opposition to a motion to dismiss." *Morris v. Mem'l Dev. Partners, LP*, No. 1:23-CV-01641-JMC, 2024 WL 2155050, at *4 (D. Md. May 14, 2024). However, this "does not mean that the court should rewrite the complaint to include claims never presented." *Farrish*, 2017 WL 4418416, at *2; *see also Barber v. Obama*, No. CV RDB-12-2614, 2012 WL 12877388, at *1 (D. Md. Sept. 6, 2012), *aff'd*, 505 F. App'x 278 (4th Cir. 2013) ("A court is not obligated to ferret through a Complaint, searching for viable claims."). Nor does it require judges to "construct a party's legal arguments for him." *Johnson v. Navient Sols. LLC*, No. GJH-18-3612, 2019 WL 2270651, at *2 (D. Md. May 28, 2019) (quotation omitted).

## III.    ANALYSIS

Defendants move to dismiss the Complaint on the basis that (1) Plaintiff's claim is time-barred by more than twenty years and (2) Plaintiff failed to state a claim upon which relief can be granted. (ECF No. 15-1 at 1). Because the Court finds that the complaint is time barred, it need not reach Defendants' second argument.

### A.    Plaintiff's Complaint is Time Barred and is Not Subject to Equitable Tolling

Pursuant to 28 U.S.C. § 2401(b), "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ." 28 U.S.C. § 2401(b). A tort claim under the FTCA "accrues when the plaintiff knows or reasonabl[y] should know of the existence and cause of his injury." *Woodruff v. Alvey*, Civil Case No. 1:22-cv-00826-JMC, 2023 WL 7110517, at *3 (D. Md. Oct. 27, 2023) (quoting *Hill*

*v. U.S. Navy*, Civ. No. ELH-15-2270, 2015 WL 4770892, at \*2 (D. Md. Aug. 12, 2015); *see also Mills v. Hogan*, No. 20-CV-3767-LKG, 2022 WL 1110484, at \*3 (D. Md. Feb. 18, 2022), *aff'd*, No. 22-6421, 2022 WL 17985697 (4th Cir. Dec. 29, 2022) (noting that, under federal law, "[a] claim accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action.") (quotation omitted).

Here, it is not in dispute that Plaintiff had knowledge that he was removed from the United States in 2002.  (ECF No. 1 at 1).  However, Plaintiff argues he "did not know, and could not have known, that his removal was unlawful at the time it occurred."  (ECF No. 18 at 2).  He argues "[i]t was not until 2025, upon receipt of FBI identification records and subsequent issuance of a United States passport, that Plaintiff became aware that he was a United States citizen and that his removal resulted from government error."  *Id.*  Plaintiff goes on to argue numerous facts not pled in the Complaint.[2]  Plaintiff filed a Supplemental Opposition (ECF No. 19) clarifying that his claim should be subject to equitable tolling because he "acted diligently upon discovering his citizenship status in 2025 and was prevented from earlier discovery due to the government's failure to properly verify identity and maintain accurate records," a factual assertion also not pled in the Complaint. (ECF No. 19 at 2).  However, Plaintiff includes no explanation as to how he acted diligently and provides no compelling reason for the twenty year filing delay.

"Plaintiffs are entitled to equitable tolling only if they show that they have pursued their rights diligently and extraordinary circumstances prevented them from filing on time." *Raplee v. United States*, 842 F.3d 328, 333 (4th Cir. 2016) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). "[E]quitable tolling is reserved for 'those rare instances where—due to circumstances

---

[2] A plaintiff cannot amend a complaint to add facts through motions briefing. *See Zachair, Ltd. v. Driggs*, 965 F. Supp. 741, 748 n.4 (D. Md. 1997) (indicating a plaintiff "is bound by the allegations contained in its complaint and cannot, through the use of motion briefs, amend the complaint."), *aff'd*, 141 F.3d 1162 (4th Cir. 1998).

external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" *Id.* (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)).

Affording Plaintiff the liberal construction due to *pro se* litigants, there is no basis upon which the Court can find extraordinary circumstances that prevented a timely filing.  As Defendants point out in the Reply, Plaintiff has pled no facts, nor has he argued any facts, demonstrating what diligent effort he made between 2002, the time at which he was removed from the United States, and 2025, the time at which he states he was first aware of some sort of wrongful action.  It is unclear form the Complaint and briefing how Plaintiff would have been unaware that the alleged removal from the United States was wrongful for the first time in 2025.  *Harris*, 209 F.3d at 330; *Blanchard v. United States*, No. CIV.A. PJM-13-768, 2013 WL 5603294, at *3 (D. Md. Oct. 10, 2013) (concluding that plaintiff's cause of action under the FTCA accrued on the date of his injury). For example, Plaintiff neither pleads nor argues any efforts he made to determine whether he was removed improperly; to the contrary, he alleges he was removed from the United States as a result of wrongful allegations of criminal convictions. (ECF No. 1 at 2). Putting aside that a person under similar circumstances would know at the time of his removal that he was had not been convicted of any crimes and was a United States citizen, absent from his Complaint are allegations of any extraordinary circumstances preventing him from having that knowledge at the time he alleges he was removed from the United States. Also absent are any alleged facts surrounding what steps he took prior to 2025 regarding obtaining the records he now asserts demonstrate the wrongfulness of his removal.

Accordingly, even affording a liberal construction to the Complaint, there is no basis upon which the Court could find that the Complaint is subject to equitable tolling notwithstanding Plaintiff's 2002 removal.  Therefore, the Court must grant the Motion to Dismiss (ECF No. 15).

**IV.    CONCLUSION**

For the reasons stated above, Defendants' Motion to Dismiss (ECF No. 15) is GRANTED. The motion is granted without prejudice to allow Plaintiff an opportunity to add allegations that would support tolling in light of the Court's decision, if there is a good faith basis for him to do so.

Date: <u>May 21, 2026</u>                          <u>          /s/                    </u>
                                                             J. Mark Coulson
                                                             United States Magistrate Judge