**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **DAVID LAWRENCE** | * | |
| *Plaintiff*, | * | |
| v. | * | Civil Case No: 1:25-cv-04280-JMC |
| **UNITED STATES OF AMERICA , *et al.*** | * | |
| *Defendants.* | * | |

* * * * * * * * * * * *

**MEMORANDUM OPINION AND ORDER**

Plaintiff, David Lawrence, *pro se*, filed the present lawsuit against the United States of America, the United States Department of Homeland Security, and Immigration and Customs Enforcement ("ICE"). (ECF No. 23). Plaintiff brings the present action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2674 (the "FTCA"). *Id.* Presently before the Court is Defendants' Motion to Dismiss the Amended Complaint, Plaintiff's Opposition thereto, Defendants' Reply, and Plaintiff's Supplement. (ECF Nos. 27, 29, 30, 32). The motion is fully briefed, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons that follow, Defendants' Motion to Dismiss is GRANTED.

## I. BACKGROUND

Plaintiff predicates his FTCA suit on his alleged wrongful detention and removal from the United States and "the resulting injuries Plaintiff contends he sustained over approximately twenty-three years." (ECF No. 23 at 1).[1] Plaintiff alleges he obtained United States citizenship as a child, during which "he came under the legal protection and supervision of the State of New York through

[1] When the Court cites to a specific page number or range of page numbers, the Court is referring to the page numbers provided in the electronic filing stamps located at the top of every electronically filed document. If there are none, the Court is referring to the page number of the PDF.

child welfare proceedings." *Id.* at 2. Years later, Plaintiff alleges that "following criminal proceedings in Pennsylvania, federal immigration authorities detained him for immigration purposes" and on or about February 12, 2002, he was removed from the United States. *Id.* at 3.

Plaintiff's Complaint states that "federal officials failed to properly investigate or verify his citizenship" before he was removed which forced him to remain "outside the United States for approximately twenty-three years." *Id.* at 3. He alleges that in the years following his removal, he "undertook extensive efforts to determine the factual basis for his arrest, prosecution, immigration detention, and removal" which caused him to submit "numerous requests for governmental records to federal, state, and local agencies." *Id.* Plaintiff also claims that he was able to lawfully return to the United States in April 2025 after federal authorities verified his identity and issued him a United States passport. *Id.* at 1. He states that "the documentary evidence obtained after his return—including federal records, state agency responses, and other governmental documents—supports his contention that removal occurred without an adequate determination of his citizenship and identity." *Id.*

Plaintiff now asserts that his lengthy investigation resulted in documents that contained "material inconsistencies concerning the investigation, arrest, prosecution, and removal that are central to this action." *Id.* at 4. Plaintiff states that "in response to certain requests [for records], governmental agencies advised that they possessed no responsive records or that the requested records could not be located" including but not limited to requests pursuant to Pennsylvania Right-to-Know proceedings. *Id.* Plaintiff claims that documentary evidence he possesses, when viewed collectively, demonstrates inconsistencies in his arrest and removal including "the identity of agencies allegedly involved in the investigation, the availability of investigative records, the existence or location of certain arrest-related records, and the information relied upon during his

immigration proceedings." *Id.* at 5. He states that these inconsistencies "were not known to hm at the time of his removal and were discovered only after years of requesting governmental records." *Id.* at 6.

Plaintiff sets forth additional facts in his Opposition to Defendants' Motion to Dismiss. *See generally* (ECF No. 29). Specifically, he alleges that "documentation from the U.S. Embassy in 2004 and newly brought-to-light defense counsel memoranda from 2005 demonstrate that Plaintiff pursued his rights with continuous diligence while facing systemic barriers created entirely by federal and state actors." (ECF No. 29 at 2). He claims that "administrative mechanisms, falsified records, and structural systemic errors that led to this unlawful action were deeply hiding within state and federal record systems." *Id.* These alleged bad actors include "the state judicial apparatus, the District Attorney, and Plaintiff's own defense counsel [who] explicitly operated under the unified structural understanding that plaintiff was a United States citizen through his entire underlying criminal proceedings." *Id.* This caused Plaintiff to send a letter to U.S. Ambassador John Rood "detailing the illicit nature of his removal and requesting immediate administrative intervention." *Id.* at 3; (ECF No. 29-1).

## II. LEGAL STANDARD

The purpose of Federal Rule of Civil Procedure 12(b)(6) "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)) (internal quotations omitted). To survive a Rule 12(b)(6) motion to dismiss, "detailed factual allegations are not required, but a plaintiff must provide the grounds of his entitlement to relief," which requires "more than labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Petry v. Wells Fargo Bank, N.A.*, 597

F. Supp. 2d 558, 561–62 (D. Md. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007)) (internal quotations omitted). In considering a motion to dismiss, "the Court must accept the complaint's allegations as true, and must liberally construe the complaint as a whole." *Humphrey v. Nat'l Flood Ins. Program*, 885 F. Supp. 133, 136 (D. Md. 1995) (internal citations omitted). The Court must also construe the facts and reasonable inferences from the facts in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997); *see also Petry*, 597 F. Supp. 2d at 562 ("Once a claim has been stated adequately . . . it may be supported by showing any set of facts consistent with the allegations in the complaint.") (quoting *Twombly*, 550 U.S. at 546).

"*Pro se* pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers." *Farrish v. Navy Fed. Credit Union*, No. CV DKC 16-1429, 2017 WL 4418416, at *2 (D. Md. Oct. 5, 2017), *aff'd*, 711 F. App'x 189 (4th Cir. 2018). This permits the Court to "consider additional facts and information supporting the complaint that is provided in an opposition to a motion to dismiss." *Morris v. Mem'l Dev. Partners, LP*, No. 1:23-CV-01641-JMC, 2024 WL 2155050, at *4 (D. Md. May 14, 2024). However, this "does not mean that the court should rewrite the complaint to include claims never presented." *Farrish*, 2017 WL 4418416, at *2; *see also Barber v. Obama*, No. CV RDB-12-2614, 2012 WL 12877388, at *1 (D. Md. Sept. 6, 2012), *aff'd*, 505 F. App'x 278 (4th Cir. 2013) ("A court is not obligated to ferret through a Complaint, searching for viable claims."). Nor does it require judges to "construct a party's legal arguments for him." *Johnson v. Navient Sols. LLC*, No. GJH-18-3612, 2019 WL 2270651, at *2 (D. Md. May 28, 2019) (quotation omitted).

## III. ANALYSIS

Defendants move to dismiss the Amended Complaint on the basis that Plaintiff's claim is time-barred and that Plaintiff is not entitled to equitable tolling of the statute of limitations. (ECF No. 27-1). For the reasons set forth immediately below, the Court agrees with Defendants. [2]

**A. Plaintiff's Amended Complaint is Time Barred**

Pursuant to 28 U.S.C. § 2401(b), "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ." 28 U.S.C. § 2401(b). A tort claim under the FTCA "accrues when the plaintiff knows or reasonabl[y] should know of the existence and cause of his injury." *Woodruff v. Alvey*, Civil Case No. 1:22-cv-00826-JMC, 2023 WL 7110517, at *3 (D. Md. Oct. 27, 2023) (quoting *Hill v. U.S. Navy*, Civ. No. ELH-15-2270, 2015 WL 4770892, at *2 (D. Md. Aug. 12, 2015); *see also Mills v. Hogan*, No. 20-CV-3767-LKG, 2022 WL 1110484, at *3 (D. Md. Feb. 18, 2022), *aff'd*, No. 22-6421, 2022 WL 17985697 (4th Cir. Dec. 29, 2022) (noting that, under federal law, "[a] claim accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action.") (quotation omitted).

It is not in dispute that Plaintiff had knowledge that he was removed from the United States in 2002. (ECF No. 23 at 3). Defendants' Motion to Dismiss argues that Plaintiff's tort claim therefore accrued "when Plaintiff was removed from the United States." (ECF No. 27-1 at 3). Defendants explain that "because Plaintiff believed he was a U.S. citizen at the time of his removal, he should have submitted an administrative claim more than twenty years ago." (ECF No. 30 at 1).

2 Defendants' Motion to Dismiss states that Plaintiff improperly sues DHS and ICE. (ECF No. 27-1 at 4) Plaintiff's Opposition states that such agencies "are not proper individual defendants" and "voluntarily agrees to drop the individual agencies as defendants, provided the lawsuit continues unabated against the proper sole defendant, the United States of America." (ECF No. 29 at 4). The Court agrees with Defendants. *See Lucas v. Fed. Motor Carrier Safety Admin.*, No. CV EA-24-3004, 2025 WL 1382895, at *5 (D. Md. May 13, 2025) ("FTCA claims may only be brought against the United States, not its agencies or employees.") (quoting *Lewis v. United States*, Civil Action No. DKC-22-2899, 2024 WL 895112, at *2 (D. Md. Feb. 29, 2024)).

Plaintiff's Opposition, which alleges numerous additional facts not pled in the Amended Complaint, counters by arguing that his claim did not accrue in 2002 because he could not know of the administrative defects that led to his removal as the "record maintained by the government was completely corrupted." (ECF No. 29 at 3). Plaintiff justifies this argument by citing to an internal memorandum created by his defense counsel for his prior Pennsylvania criminal proceedings, which he alleges demonstrates how there were "forced to generate an internal file review years later because the state and federal databases were contradictory." (ECF Nos. 29 at 3, 29-4 at 2). The Court disagrees with Plaintiff's assertions.[3]

First, Plaintiff's alleged injury occurred when he was detained and removed from the United States, which he claims would not have occurred had Defendants properly investigated and determined his citizenship. (ECF No. 23 at 9). Even if the Court were to assume that Plaintiff's tort claim did not accrue when he was removed from the United States, at the latest, Plaintiff knew or reasonably should have known the existence and cause of his injury on October 26, 2004, the day Plaintiff sent a letter to Ambassador John Rood which he submitted as a "formal complaint against the government of the United States . . . ." (ECF No. 29-2 at 1).[4]

Plaintiff's letter to Ambassador Rood requested "in writing all evidence that the American Embassy had in its possession" that supported a denial of his American citizenship which he claimed violated his "constitutional, civil and judiciary rights." (ECF No. 29-2 at 2). It is clear from Plaintiff's letter that he knew or reasonably should have known sufficient facts about the harm

---

[3] Plaintiff also alleges that "well-settled federal jurisprudence dictates that a cause of action under the FTCA does not accrue where the government's own structural misconduct or fraudulent errors conceal the core facts establishing the operational cause of the injury." (ECF No. 29 at 3). Although Plaintiff does not support this assertion with any citation, the Court considers this argument *infra* in its discussion of equitable tolling.

[4] Plaintiff's Amended Complaint contains several records that postdate his February 12, 2002 removal that indicate Plaintiff was capable of sending and receiving correspondence regarding his alleged wrongful removal. (ECF No. 23 at 71-73, 92-94)

allegedly done to him by the time he sent a letter to Ambassador Rood. The injuries alleged by Plaintiff in the letter mirror those in the Amended Complaint, which contradicts any claim that Plaintiff only recently became aware of the purported harm caused by Defendants. At this point over twenty years ago, Plaintiff was required to exercise due diligence to file a timely administrative claim under the FTCA. 28 U.S.C. § 2401(b).

Furthermore, even accepting all of Plaintiff's allegations as true as is required at this stage of the litigation, Plaintiff's claims that he did not know of the alleged inconsistencies between the investigation, arrest, criminal records, and immigration records do not prevent the statute of limitations from accruing. Although Plaintiff may not have known all the circumstances surrounding his potential claim, any contention by Plaintiff that he was not aware of the exact cause of his injuries is of little value as he possessed sufficient knowledge to prompt an inquiry into the specific event that caused his injury nearly twenty years before he filed his administrative claim. Therefore, this Court finds that the Plaintiff's FTCA claim is time barred.

**B. Plaintiff's Amended Complaint is not Subject to Equitable Tolling**

Defendants' Motion to Dismiss further argues that "[e]quitable tolling does not apply to Plaintiff's claims because Plaintiff believed his removal to be wrongful since 2002." (ECF No. 27-1 at 4). Defendants state that if Plaintiff believed his removal was wrongful in 2002, then he should not have waited twenty years to bring his tort claim. *Id.* at 4-5.

"In narrow circumstances, filing deadlines within administrative exhaustion requirements may be subject to equitable tolling." *Burgess v. Sys. High Corp.*, No. CV ELH-14-3895, 2015 WL 6956516, at *7 (D. Md. Nov. 10, 2015); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000). ("[P]rinciples of equitable tolling may, in the proper circumstances, apply to excuse a plaintiff's failure to comply with the strict requirements of a statute of limitations."). The "FTCA's time bars

are nonjurisdicitonal and subject to equitable tolling." *United States v. Kwai Fun Wong*, 575 U.S. 402, 420 (2015). The doctrine is to be used only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 328. "Plaintiffs are entitled to equitable tolling only if they show that they have pursued their rights diligently and extraordinary circumstances prevented them from filing on time." *Raplee v. United States*, 842 F.3d 328, 333 (4th Cir. 2016) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)) (emphasis in original).

Plaintiff's Opposition essentially argues that equitable tolling is necessary because his delay in filing was a result of the government's misconduct to conceal the facts related to Plaintiff's injury and that he otherwise exercised reasonable diligence in pursuing his claim. *See* (ECF No. 29 at 3-4). Specifically, Plaintiff states that his 2004 letter to Ambassador John Rood shows that "he did not sit idle; he actively targeted the highest representative of the United States executive branch in his immediate vicinity." *Id.* at 4. Instead, he alleges that it was the federal government's refusal to provide an administrative pathway that caused the delay in filing. *Id.*

First, affording Plaintiff the liberal construction due to *pro se* litigants, there is no basis upon which this Court can find that Plaintiff diligently pursued his rights. Even if the Court accepts Plaintiff's letter to Ambassador John Rood as a display of reasonable diligence, Plaintiff fails to provide any explanation for his lack of subsequent diligence between 2005 and his return to the United States in 2025 when he began pursuing his claims. Notwithstanding the difficulties that Plaintiff may have faced in presenting a timely filing, it is clear that a nearly twenty year gap of prosecuting any potential cause of action cannot be construed as sufficient diligence to warrant equitable tolling. In fact, courts in this circuit have declined to apply equitable tolling to FTCA

claims where the Plaintiff did not timely pursue clarification of their citizenship status. *See Mendez v. United States of America, et al.*, No. CV 0:25-4900-SAL-PJG, 2026 WL 1071728, at *4 (D.S.C. Mar. 17, 2026), *report and recommendation adopted*, No. 0:25-CV-4900, 2026 WL 1070920 (D.S.C. Apr. 20, 2026) ("[I]f Mendez wished to seek further review of his claim to citizenship, he could have done so seventeen years ago. Mendez offers no substantive explanation as to why he could not have pursued his claims earlier. Accordingly, Mendez's claims are time-barred and the court finds no basis on which to grant equitable tolling.").[5]

Second, the Court cannot find any basis upon which it can find that sufficiently extraordinary circumstances prevented a timely filing. The second element of equitable tolling is generally fulfilled when "'the plaintiff[] [was] prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant,' and second, when 'extraordinary circumstances beyond [the plaintiff's] control made it impossible to file the claims on time.'" *Cruz v. Maypa*, 773 F.3d 138, 145 (4th Cir. 2014) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)).

Plaintiff's Amended Complaint alleges that the records he now possesses reveal many inconsistencies throughout both his criminal and immigration proceedings that he claims resulted in him being wrongfully removed from the United States. Plaintiff repeatedly asserts that government agencies coordinated their efforts and concealed relevant information, but offers no plausible allegations of how they did so. Instead, Plaintiff merely cites to several records requests made more than twenty years after the events at issue that yielded no responsive documents. *See* (ECF Nos. 59-60, 62-66). The absence of responsive information more than two decades later, without more, does not plausibly support an inference that Defendants engaged in wrongful conduct

---

[5] The Court reaches this conclusion independent of fact that Plaintiff provides no basis to justify his claim that he lacked knowledge of his injury despite his removal from the United States in 2002. *Harris*, 209 F.3d at 330.

that prevented Plaintiff from asserting his claims. Therefore, Plaintiff's alleged lack of awareness of such inconsistencies does not constitute an extraordinary circumstance that would otherwise permit equitable tolling.

Accordingly, even affording a liberal construction to the Complaint, there is no basis upon which the Court could find that the Amended Complaint is subject to equitable tolling. Therefore, the Court must GRANT the Motion to Dismiss (ECF No. 27).

## IV. CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss is GRANTED with prejudice, and the Clerk is directed to close the case.

Date: September 22, 2026

/s/
J. Mark Coulson
United States Magistrate Judge